UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Ms. TAMMIE ANN ALLOWITZ,<br><br>Petitioner,<br><br>v.<br><br>Ms. NICOLE ENGLISH,<br><br>Respondent. | Civil No. 11-3680 (RHK/TNL)<br><br><br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I.   BACKGROUND

In 2003, federal criminal charges were filed against Petitioner in the United States District Court for the Middle District of Florida. She was accused of violating 18 U.S.C. § 1958(a), by using the internet, the telephone and interstate travel to plot the murder of her

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), 2002 WL 31045849, at *2 (D. Minn. Sept. 10, 2002); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558, 1990 WL 171789, at *3 (N.D. Ill. Nov. 1, 1990).

ex-husband. In 2004, a jury found Petitioner not guilty of one of the charges against her, and a mistrial was declared on the remaining charges. Thereafter, Petitioner was re-indicted, and retried. At the conclusion of a second jury trial, Petitioner was found guilty on seven counts of violating 18 U.S.C. § 1958(a). She was later sentenced to 151 months in federal prison. Petitioner is currently serving her sentence at the Federal Correctional Institution in Waseca, Minnesota.

After Petitioner was convicted and sentenced, she filed a direct appeal. The Eleventh Circuit Court of Appeals affirmed Petitioner's conviction, but remanded Petitioner's case back to the trial court for re-sentencing. United States v. Allowitz, 153 Fed. Appx. 610 (11th Cir. 2005) (unpublished opinion). On remand, the trial court again sentenced Petitioner to 151 months in prison, and Petitioner again appealed. On Petitioner's second appeal, the Eleventh Circuit affirmed her 151-month sentence. United States v. Allowitz, 201 Fed. Appx. 685 (11th Cir. 2006) (unpublished opinion).

In 2008, Petitioner sought post-conviction review of her conviction and sentence, by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Petitioner's § 2255 motion was dismissed due to untimeliness, and the trial court declined to grant Petitioner a Certificate of Appealability. Allowitz v. United States, Nos. 8:03-CR-475-T-24MAP, 8:08-CV-163-T-24MAP, 2008 WL 4344600 (M.D.Fla. Sept. 23, 2008).[2]

In the present case, Petitioner is once again attempting to challenge the validity of

---

[2] The records in the Middle District of Florida for Petitioner's original criminal case, and subsequent § 2255 proceedings, are accessible to this Court by means of the Electronic Case Filing ("ECF") procedures maintained by the federal judiciary. The original criminal case is No. 8:03-cr-00475-SCB-MAP, and the § 2255 motion is No. 8:08-cv-00163-SCB-MAP. The Court has reviewed the trial court records in both of those matters in order to verify the procedural history of this case.

her federal criminal conviction and sentence in the Middle District of Florida. The current petition presents several legal arguments, all of which are variations on the same theme. The underlying premise of all of Petitioner's current habeas corpus claims is that the statute under which she was convicted and sentenced, 18 U.S.C. § 1958(a), is unconstitutional under the Tenth Amendment. Petitioner contends that Congress violated the Tenth Amendment by enacting legislation that allowed the <u>federal</u> government to prosecute her for plotting to murder her ex-husband. As explained by Petitioner:

> "The National Government has overstepped its boundaries and infringed upon the State of Florida's sovereignty in violation of the Tenth Amendment and the Petitioner seeks to vindicate her own constitutional interests. The National Government [h]as continuously taken liberties it was never meant to have; small steps have led to an outrageously egregious infringement, over-reaching any our founding fathers intended or expected. Additions to the Criminal code have encouraged the National Government to assume authority to step outside its jurisdiction and into the States Sovereignty thereby taking away the people's right to Liberty within the state, exacting a defrauding against the People and resulting in far greater penalties for crimes punishable by the State.
>
> The U.S. Constitution authorized the National Government empowerment to prosecute two (2) crimes: TREASON AND COUNTERFEITING. All other crimes are matters of the INDIVIDUAL STATES JURISDICTION. The National Government does not have jurisdiction to prosecute the defendant."

(Petition, [Docket No. 1], p. 4.)

For the reasons discussed below, the Court finds that Petitioner's current challenges to her Florida federal criminal conviction and sentence cannot be brought in a § 2241 habeas corpus petition and this action must be summarily dismissed for lack of jurisdiction.

## II. DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his or her conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255.

Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Subsection 2255(e) provides that –

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his or her conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). A federal court lacks jurisdiction to hear a prisoner's collateral challenge to his or her original conviction or sentence under 28 U.S.C. § 2241 unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because, when applicable, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, Petitioner is challenging the validity of her federal criminal conviction and sentence in the Middle District of Florida. She claims that her conviction and sentence must be vacated because the statute that she violated, 18 U.S.C. § 1958(a), is

4

unconstitutional. Because Petitioner is directly challenging the validity of her conviction and sentence, her current habeas corpus petition is barred by § 2255's exclusive remedy rule unless the savings clause applies here.[3] However, Petitioner has made no effort to show that the savings clause could properly be applied in this case and the Court finds that, in fact, the savings clause is not applicable here.[4]

---

[3] In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can be construed to be a motion brought under § 2255, and the matter can then be transferred to the original trial court so the prisoner's claims can be addressed on the merits there. However, Petitioner is precluded from seeking relief under § 2255 because she has already done so once before. Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which could not be entertained by the trial court without preauthorization from the apposite Circuit Court of Appeals. 28 U.S.C. §§ 2244(b)(3) and 2255(h). Petitioner apparently does not have a preauthorization order from the Eleventh Circuit Court of Appeals, so it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion and transfer this matter to the District in which Petitioner was convicted and sentenced. Furthermore, it appears that any new application for relief under § 2255 motion would be time-barred by the one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255(f). For this additional reason, it would be inappropriate to construe the present petition to be a § 2255 motion and then transfer it to the trial court.

[4] Petitioner might believe that the savings clause should be applicable simply because she is not presently eligible for relief under § 2255, due to the restrictions on successive motions and the one-year statute of limitations. (See n. 3, supra.) That notion must be rejected. The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. The Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). See also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition").

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963. Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause because she had a reasonable opportunity to raise her current claims for relief in her direct appeal and she could have presented them in a timely § 2255 motion.

Petitioner has cited no new substantive law,[5] and she has presented no new evidence that was previously unavailable to her. All of the claims presented here were fully available from the very beginning of Petitioner's federal criminal case, and she could have raised those claims at any time. Petitioner cannot claim that § 2255 is "inadequate or ineffective" simply because she failed to raise her current claims for relief before or during her trial, on direct appeal, or in a timely § 2255 motion. See Hill, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the petitioner had "at least two opportunities to raise [his] argument before the sentencing court").

As the Court of Appeals pointed out in Abdullah –

"[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to

---

[5] The Court has not overlooked Petitioner's repeated references to Bond v. United States, 131 S.Ct. 2355 (2011), which was not decided until June 2011. The relevance of Bond is discussed below.

> challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

392 F.3d at 963 (quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)).

Based on Abdullah, the Court finds that the savings clause is not applicable for Petitioner's current claims because she has not shown that her claims could not have been raised before now. Because Petitioner had an adequate procedural opportunity to raise her current claims in the past, she is barred from bringing those claims in a new § 2241 habeas corpus petition at this time. See id. ("'[The savings clause] does not exist to free a prisoner of the effects of his failure to raise an available claim earlier.'" (quoting Wolford, 177 F.3d at 1245)).

Petitioner's current habeas corpus petition includes numerous references to the Supreme Court's 2011 opinion in Bond v. United States, 131 S.Ct. 2355 (2011). Petitioner apparently believes that Bond establishes a new rule of constitutional law, not previously available to her, which demonstrates that the statute under which she was convicted, 18 U.S.C. § 1958(a), is unconstitutional. That, however, is simply not correct.

In Bond, the Supreme Court addressed a question about standing; specifically: Who has standing to challenge the constitutionality of a federal law on Tenth Amendment grounds? The case stemmed from federal criminal charges that were brought against a woman named Carol Anne Bond. She was charged with violating 18 U.S.C. § 229, which forbids knowing possession or use, for nonpeaceful purposes, of a chemical that "can cause death, temporary incapacitation or permanent harm to humans." Bond sought to have the charges against her dismissed, claiming – as Petitioner does here – that the law

7

under which she was being prosecuted was unconstitutional because Congress had usurped law-making authority that is granted exclusively to the states by the Tenth Amendment. The trial court ruled that Bond lacked standing to challenge her prosecution on Tenth Amendment grounds because that Amendment protects only the sovereignty of states, not the rights of individuals. Bond then elected to plead guilty under a plea agreement that allowed her to re-raise her Tenth Amendment arguments in a direct appeal.

On Bond's appeal, the Third Circuit Court of Appeals upheld the trial court's ruling on the issue of whether private individuals have standing to challenge the constitutionality of federal laws based on the Tenth Amendment. The Court of Appeals recognized that there was a split among the federal appellate courts on the standing issue. Some courts had ruled that only states have standing to challenge federal laws based on the Tenth Amendment, while other courts had ruled that an individual who is directly affected by some particular federal law can challenge the law on Tenth Amendment grounds.[6] In Bond's case, the Court of Appeals sided with the courts that found individuals do <u>not</u> have standing to raise Tenth Amendment challenges. See <u>United States v. Bond</u>, 581 F.3d 128, 137 (3rd Cir. 2009) ("[w]e are persuaded by the reasoning advanced by the majority of our sister courts and conclude that a private party lacks standing to claim that the federal Government is impinging on state sovereignty in violation of the Tenth Amendment, absent

---

[6] The Eighth Circuit Court of Appeals had previously recognized this circuit split on the Tenth Amendment standing issue. <u>United States v. Hacker</u>, 565 F.3d 522, 526 (8th Cir. 2009) ("It appears that six circuits have analyzed whether a private party has standing to assert a Tenth Amendment claim. The Seventh and Eleventh Circuits have permitted private parties to bring such claims.... Conversely, the First, Second, Ninth and Tenth Circuits have concluded that private parties lack standing to raise a Tenth Amendment claim.") (citations omitted).

the involvement of a state or its officers as a party or parties"). Because of this "no standing" determination, the Court of Appeals never reached the substantive issue of whether the criminal statute in Bond's case actually violated the Tenth Amendment. Id. at 137-38.

The Supreme Court granted certiorari in Bond's case in order to resolve the split in the circuit courts over the standing issue. In a unanimous decision, the Court held that individuals do have standing to challenge federal statutes on Tenth Amendment grounds when they are directly affected by the statute. Bond, 131 S.Ct. at 2363-64 ("The individual, in a proper case, can assert injury from governmental action taken in excess of the authority that federalism defines.  Her rights in this regard do not belong to a State."). Thus, Bond establishes that the instant Petitioner does have standing to challenge the constitutionality of 18 U.S.C. § 1958(a) on Tenth Amendment grounds.

However, Bond offers no aid to Petitioner because she has always had standing to raise her current Tenth Amendment arguments.  As noted above, prior to Bond, there was a split in the circuits on the Tenth Amendment standing issue.  The Eleventh Circuit Court of Appeals, whose rulings governed the prosecution of Petitioner's case, long ago recognized that an individual who is directly affected by a particular federal law has standing to challenge that law on Tenth Amendment grounds. Atlanta Gas Light Co. v. U.S. Dept. of Energy, 666 F.2d 1359, 1368, n. 16 (11th Cir. 1982).[7]  Therefore, Bond does

---

[7] The Eighth Circuit and the Third Circuit expressly recognized that the Eleventh Circuit's ruling in Atlanta Gas Light Co. upholds the standing of individuals to challenge federal laws on Tenth Amendment grounds. See Hacker, 565 F.3d at 526 ("[t]he Seventh and Eleventh Circuits have permitted private parties to bring such claims") (citing Atlanta Gas Light Co.); Bond, 581 F.3d at 136 ("[t]wo circuit courts have allowed private parties to bring such challenges") (citing, inter alia, Atlanta Gas Light Co.).

not give Petitioner any new standing status that she did not previously possess. <u>Bond</u> merely re-affirms a standing status that Petitioner has always possessed under <u>Atlanta Gas Light Co.</u> Simply put, Petitioner could have raised her current Tenth Amendment arguments at any time based on <u>Atlanta Gas Light Co.</u>

It is important to note that <u>Bond</u> did not overturn any existing legal rule or precedent relevant to Petitioner's conviction or sentence, nor did <u>Bond</u> establish any new legal rule that Petitioner could not have raised in her direct appeal or in a timely § 2255 motion. The Supreme Court expressed no opinion about the merits of Bond's Tenth Amendment arguments; the Court merely held that Bond had <u>standing</u> to raise those arguments. In this case, however, Petitioner has always had standing to raise her Tenth Amendment claims by reason of the Eleventh Circuit's decision in <u>Atlanta Gas Light Co.</u> Therefore, Petitioner cannot invoke the savings clause based on the Supreme Court's decision in <u>Bond</u>. Even without <u>Bond</u>, Petitioner could have previously raised all of her current claims for relief, including all claims based on the Tenth Amendment. Because Petitioner had a fully adequate procedural opportunity to raise her current claims for relief on direct appeal or in a timely § 2255 motion, she is barred from bringing those claims in a § 2241 habeas corpus petition.

### III. CONCLUSION

In sum, the Court finds that Petitioner's current application for habeas corpus relief challenges the validity of her conviction and sentence in the Middle District of Florida for violating 18 U.S.C. § 1958(a). However, Petitioner cannot challenge her conviction and sentence in a § 2241 habeas corpus petition unless the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective" for the claims that Petitioner seeks to raise. All of the

claims that Petitioner is attempting to bring in her current habeas petition – including all claims based on the Tenth Amendment – could have been raised in Petitioner's direct appeal or in a timely § 2255 motion. The Supreme Court's recent decision in Bond does not allow her to invoke the savings clause because the ruling in Bond does not afford Petitioner any new legal rights that she did not previously possess. Even before Bond, Petitioner had standing to bring a Tenth Amendment claim based on the Eleventh Circuit's ruling in Atlanta Gas Light Co., but she simply failed bring such a claim when she should have.

Because Petitioner is unable to show that § 2255 is an inadequate or ineffective remedy for her current claims for relief, the "savings clause" is not applicable here. Therefore, the claims that Petitioner is attempting to bring in her § 2241 habeas corpus petition cannot be entertained here and this action must be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

Having determined that this action must be summarily dismissed for lack of jurisdiction, Petitioner's pending "Motion for Home Confinement," (Docket No. 3), must be denied. The Court will also recommend that Petitioner's pending application to proceed in forma pauperis, (Docket No. 2), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP

application should be denied where habeas petition cannot be entertained).

IV.   **RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be summarily **DISMISSED** for lack of jurisdiction;

2.  Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

3.  Petitioner's "Motion for Home Confinement," (Docket No. 3), be **DENIED**.


Dated: December __30__, 2011

      *s/ Tony N. Leung*
TONY N. LEUNG
United States Magistrate Judge

*Allowitz v. English*
Civil No. 11-3680 (RHK/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **January 20, 2012**.