## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Tammi Allowitz,

      Petitioner-Appellant,

v.

Nicole English, Warden,

      Respondent-Appellee.

Civil No. 11-3680 (RHK/TNL)

**MEMORANDUM AND ORDER**

This matter is presently before the Court on Petitioner's application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 12.) Petitioner, a prisoner at the Federal Correctional Institution in Waseca, Minnesota, is attempting to appeal the Court's denial of her petition for a writ of habeas corpus under 28 U.S.C. § 2241. (See Order dated January 30, 2012; [Docket No. 8].)

A litigant who seeks to be excused from paying the $455 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Petitioner's current IFP application provides no specific information about her present financial circumstances. She merely asserts, in conclusory fashion, that "she is indigent." However, Petitioner filed a more comprehensive IFP application when she commenced this action, (Docket No. 2), and that earlier application provides more complete information about her income and assets.[1] Ordinarily, a litigant cannot rely on an old and potentially outdated IFP application to establish his or her present eligibility for IFP status on appeal. In this case, however, Petitioner's previous IFP application is only about two months old, and Petitioner has been in prison at all times since she submitted that application. Moreover, based on the information furnished in the previous IFP application, it clearly appears that Petitioner is indeed indigent. Therefore, in this particular case, the Court will accept the information furnished in Petitioner's previous IFP application, as well as her present assertion that she is indigent; and based thereon, the Court finds that Petitioner is financially eligible for IFP status on appeal.

Although the Court remains fully satisfied that Petitioner's habeas corpus petition was properly dismissed, her appeal is not deemed to be "frivolous," as that term has been defined by the Supreme Court. Therefore, Petitioner's appeal is considered to be taken "in good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and her IFP application will be granted.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

---

[1] Because Petitioner's habeas corpus petition was summarily dismissed, the Court simply denied her earlier IFP application, without determining whether she was financially eligible for IFP status. Therefore, Petitioner is not presumptively entitled to IFP status on appeal pursuant to Fed. R. App. P. 24(a)(3).

Plaintiff's application to proceed in forma pauperis on appeal, (Docket No. 12), is GRANTED.

Dated: March 8, 2012

                                                  s/Richard H. Kyle
                                                  RICHARD H. KYLE
                                                  United States District Judge